

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
231 Norman Avenue, Suite 413
Brooklyn, New York 11222

July 7, 2020

**DELIVERED VIA ECF**

Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 15D
New York, NY 10007

|  |  |
|---|---|
| **Case Title:** | *Seliger v. MRC Media, LLC et al.;* **1:20-cv-03030-AT** |
| **Re:** | **Joint Letter and Proposed Case Management Plan** |

Your Honor:

The parties write jointly to provide the information required by the Court's Notice of Pretrial Conference for use at the July 14, 2020 teleconference. The parties' respective positions are as follows:

**A.      Brief Description of the Case**

1.      Plaintiff:

Plaintiff Mark Seliger is an award-winning photographer whose works have graced the pages of major publications, including *Vanity Fair*, *Harper's Bazaar*, and *Rolling Stone*. His photographic works are part of the permanent collection of the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. This case concerns three celebrity portraits created by Seliger featuring Bill Murray; Jack White and Wanda Jackson; and Kristen Stewart and Robert Pattinson.

Seliger owns copyright registrations for the three photographic works at issue, each of which is a highly prominent work of art. Each portrait also contained copyright management information ("CMI") in the form of text and metadata identifying Seliger as the author and owner of the works. The photographs were copied without Seliger's permission and published on Defendant's proprietary and commercial website without including Seliger's CMI. This unauthorized exploitation violated Seliger's exclusive rights in his artwork under 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, and create derivative works from his

original material. And the removal of Seliger's CMI from the photographs is a violation under 17 U.S.C. § 1202.

      2.     Defendant:

          (a) <u>Background</u>

Plaintiff alleges a claim for the infringement of three photographs, based on their alleged display on the website stereogum.com (the "Website") in connection with articles on certain URLs listed on Exhibit B to the Complaint (the "Allegedly Infringing URLs") that were published in 2012 in almost every instance and in 2015 one instance.  MRC did not acquire the Website until December 2016 (when it did so under a previous name), and it no longer owns the Website.  The Website is a news-oriented site, focused on the entertainment industry.

Plaintiff's complaint fails to identify copyright registration numbers, but Plaintiff identified certain copyright registrations purportedly at issue, as he must, in his 17 U.S.C. § 508 notification to the Register of Copyrights.  ECF No. 3.  Counsel for MRC investigated these registrations and they purport to be group registrations for published photographs, none of which on their face encompass the photographs at issue.  So, Plaintiff's ownership and registration of the copyrights for the specific images at issue is questionable, especially given the images appear to have been taken for use in magazines, the owners of which may have obtained rights.  In particular, the registrations purport to primarily describe the subjects of the photographs in their descriptions of the works, but while the complaint alleges that photographs featuring Kristen Stewart, Robert Pattinson, and Wanda Jackson were infringed, *none* of the registrations at issue purport to include a photograph featuring Kristen Stewart and Robert Pattinson, nor does any registration at issue purport to include a photograph featuring Wanda Jackson.  Given the questionable veracity of Plaintiff's allegations, counsel for MRC has requested that Plaintiff provide evidence supporting Plaintiff's claims, as well as further details to confirm that the registrations in fact encompass the three photographs at issue so that MRC can further evaluate the claims.  Plaintiff to date has not provided any additional information.

Though MRC believes it is not liable, it is open to resolving this case outside of litigation given its low value, but resolution has been impeded by Plaintiff's lack of transparency and unreasonably high demands.

          (b) <u>Legal Issues and Defenses</u>[1]

As mentioned above, the factual bases underlying Plaintiff's claims are questionable.  But even taking the allegations as true, there are a number of issues with Plaintiff's claims as a matter of law.

---

[1] MRC is continuing to investigate the facts of this case and it reserves all rights regarding any affirmative defense not expressly discussed herein, including *inter alia*, the three-year statute of limitations, *see* 17 U.S.C. § 507, and fair use, *see* 17 U.S.C. § 107.  Discovery may also reveal the existence of licenses, express or implied.

First, it is unclear how MRC engaged in any volitional conduct with respect to the photographs, which numerous cases require must be shown to hold a defendant liable for direct infringement as a matter of law. *See, e.g., Smith v. Barnesandnoble.com, LLC*, 143 F. Supp. 3d 115, 121-22 (S.D.N.Y. 2015); *BWP Media USA, Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 354 (S.D.N.Y. 2014). Moreover, "the display of copyrighted images on a defendant's website does not demonstrate volition." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742-43 (S.D.N.Y. 2011); *accord BWP Media*, 69 F. Supp. 3d at 354 ("[T]he simple assertion that Defendants own websites and that Plaintiffs' photographs appear on those websites is insufficient to plead volitional infringement by Defendants."). Here, MRC did not even acquire ownership of the Website until after the Allegedly Infringing URLs were published. This action of acquiring ownership of the Website, by itself, should not be sufficient to prevail in an infringement action against MRC.[2]

Second, Plaintiff has failed to plausibly allege a claim under 17 U.S.C. § 1202(a), nor can it do so, given that MRC took no part in the alleged postings. To succeed on a claim under 17 U.S.C. § 1202(a), a plaintiff must prove that the defendant ***knowingly*** removed or provided false copyright management information, and ***with intent*** to induce, enable, facilitate, or conceal infringement. *See Krechmer v. Tantaros,* 747 F. App'x 6, 9-10 (2d Cir. 2018); *see also, e.g., Ward v. Nat'l Geographic Soc'y*, 208 F. Supp. 2d 429, 449 (S.D.N.Y. 2002) ("There are two prerequisites that must be met for these prohibitions to be violated: (1) the person providing, distributing or importing the false [copyright management information] must know the [copyright management information] is false, and (2) the person providing, distributing, or importing the false [copyright management information] must do so with the intent to induce, enable, facilitate or conceal an infringement of any right under title 17.") (citing S. Rep. No. 105-190, at 34-35 (1998)). MRC did not even *own* the Website when the Allegedly Infringing URLs were posted and therefore took no part in the initial dissemination of the Allegedly Infringing URLs, so it cannot possibly have removed copyright management information, nor could it possess the requisite knowledge and intent.

Finally, should Plaintiff prevail, he will not be entitled to statutory damages or attorneys' fees for any of the photographs at issue, because the photographs were unregistered at the time that the alleged infringement commenced, and not registered within three months of publication. *See* 17 U.S.C. § 412. The alleged infringement would have "commenced," for these purposes at the latest when the photographs at issue first appeared on the Website, *i.e.* in 2012 and 2015. *See, e.g., Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d

---

[2] Because Plaintiff has failed to demonstrate any direct infringement, it has not sufficiently alleged secondary infringement. *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627, 646 (S.D.N.Y. 2011) ("Secondary liability for copyright infringement is based on a showing of direct infringement by a third party for whom the secondary infringer is liable.").

Cir. 2007) ("[A] plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration."); *Wells v. John Wiley & Sons, Inc.*, No. 14CIV6745ATAJP, 2016 WL 889786, at *4 (S.D.N.Y. Feb. 17, 2016) (Torres J.) (explaining that plaintiff may only recover statutory damages and attorney's fees by demonstrating that the registration for the allegedly infringing photographs predated defendants' first infringing use). The Copyright Office online database provides that the registrations at issue were filed in 2018 and 2019, *years* after the alleged infringement commenced and years after MRC acquired the Website.

Accordingly, Plaintiffs' recovery would be limited to actual damages and profits attributable to the alleged infringement not taken into account when computing actual damages. 17 U.S.C. § 504(b). There is no evidence that MRC obtained profits attributable to the photographs, thus Plaintiff will be eligible, if any infringement is proven, only for a reasonable license fee, which discovery will show to be very low. *See Mager v. Brand New Sch.*, 2004 WL 2413978, at *4 (S.D.N.Y. Oct. 28, 2004) (concluding that plaintiff was not entitled to damages based on defendant's profits because he could not show a "causal link" between the infringement and claimed revenues). Photographs similar to those at issue are commonly available for licensing for prices in the hundreds of dollars.

**B.     Contemplated Motions**

1.     Plaintiff:

Seliger further anticipates filing a Motion for Partial Summary Judgment for liability as to Defendants for copyright infringement by the deadline for dispositive motions. Seliger anticipates filing this motion after sufficient discovery has been completed.

2.     Defendant:

MRC may file a motion for judgment on the pleadings with respect to Plaintiff's request for copyright infringement statutory damages and attorney's fees to the extent that Plaintiff persists in his contention that he is entitled to such relief. Counsel for MRC have asked Plaintiff's counsel to explain a basis for including the requested relief, and have received no credible explanation as to how the facts and law support Plaintiff's entitlement to statutory damages or fees. MRC may move for summary judgment at an appropriate time.

**C.     Prospects for Settlement**

The parties have exchanged settlement positions, and settlement discussions are ongoing. However, the parties are not currently close to reaching a resolution. Plaintiff believes that there is a reasonable possibility that the case will settle in the next 60 days.

Respectfully submitted,


By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs
DONIGER / BURROUGHS
For the Plaintiff

By:   */s/ J. Matthew Williams*
J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP
For the Defendant

12290494.2